1  LAW OFFICE OF MARK E. MERIN
   Mark E. Merin, SBN. 043849
2  Cathleen A. Williams, SBN 68029
   Jeffrey I. Schwarzschild, SBN. 192086
3  2001 P Street, Suite 100
   Sacramento, California 95814
4  Telephone: (916) 443-6911
   Facsimile: (916) 447-8336
5  E-Mail: mark@markmerin.com

6  CASPER, MEADOWS & SCHWARTZ
   Andrew Charles Schwartz, SBN 064578
7  Thom Seaton, SBN 62713
   Micha Star Liberty, SBN 215687
8  2121 N California Boulevard, Suite 1020
   Walnut Creek, CA 94596
9  Telephone: (925) 947-1147
10 Facsimile: (925) 947-1131
   E-Mail: schwartz@cmslaw.com
11
12 Attorneys for Plaintiffs

—o0o—

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

—o0o—

| | |
|---|---|
| SHANNON GALLAGHER, et al., | CASE NO: C 04-0448 SBA |
| Plaintiffs, | **PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE UP TO A 20 PAGE REPLY BRIEF TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; DECLARATION OF MARK E. MERIN; ORDER**<br>**[Local Rule 7-11]** |
| vs. | |
| COUNTY OF SAN MATEO, et al., | |
| Defendants. | |
| | DATE: June 7, 2005<br>TIME: 1:00 p.m.<br>CTRM: 3<br>JUDGE: Hon. Saundra Brown Armstrong |

**REQUEST FOR LEAVE TO FILE UP TO A 20-PAGE REPLY BRIEF**

Plaintiff requests leave of Court to file up to a 20-page brief in reply to defendants' opposition to plaintiff's motion for class certification. This request is based on the necessity to

address fully the issues that defendants have raised in their 25-page opposition to plaintiff's motion for class certification, including new issues such as the following:

1. The applicability of the Prison Litigation Reform Act;

2. The number of persons required in a class to meet numerosity requirements;

3. Whether plaintiff has satisfied each and every requirement of 23(a) and 23(b) of the Rules for class certification, including, e.g., typicality, commonality, manageability, and superiority of the class action procedure.

Plaintiff has attempted to address these issues within the Court's 15-page limit, but has been unable to do so while also discussing the basic class certification criteria under Rule 23. Plaintiff therefore requests leave to file up to a 20-page reply to defendants' opposition brief.

DATED: May 20, 2005                    Respectfully submitted,

LAW OFFICE OF MARK E. MERIN
CASPER MEADOWS & SCHWARTZ

BY: _____/s/_____
Mark E. Merin
Attorney for Plaintiff

**DECLARATION OF MARK E. MERIN IN SUPPORT OF PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE UP TO A 20 PAGE REPLY BRIEF TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

I, Mark E. Merin, do declare and say:

1. I am an attorney licensed to practice in the State of California and admitted to practice before all of the District Courts in California, the Ninth Circuit Court of Appeal and U.S. Supreme Court. My firm is the Law Office of Mark E. Merin.

2. This firm represents named plaintiff in this action in association with Casper, Meadows & Schwartz.

3. On May 20, 2005, I attempted to contact defendants' counsel, Carol Woodward, to try and reach an agreement to file a stipulation allowing plaintiff to file a reply brief in excess of 15 pages. Since I have not received a return call from Ms. Woodward, I am filing this Request for Leave to file up to a 20 page Reply Brief.

SHANNON GALLAGHER, et al. v. COUNTY OF SAN MATEO, et al.   Page 1   USDC, Northern District, Case No. C 04-0448 SBA
PLAINTIFF'S MISCELLANEOUS ADMINISTRATIVE REQUEST FOR LEAVE TO FILE UP TO A 20 PAGE REPLY BRIEF
TO DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR CLASS CERTIFICATION; [PROPOSED] ORDER

F:\WPWORK\MCNULTY\PLEADING\COMPLAIN.DOC

4. I have been diligently working on drafting plaintiff's reply to defendants' opposition to plaintiff's motion for class certification since it was received at 5:27 p.m. by ECF Service on May 17, 2005, and was unaware until today that plaintiff's reply would require pages in excess of 15. Pursuant to Judge Armstrong's Standing Order regarding Motions, a request to exceed the page limitations must be submitted to the court seven (7) days prior to the filing of the motion (brief), or in this case, a request to exceed the page limitation should have been filed with the court by Tuesday, May 17, 2005. There was no way plaintiff's counsel could have know as of May 17, 2005, they would be exceeding the page limitation on their reply brief or that they would need to file a request to exceed the page limitation as of that date. In addition, having received defendants' opposition brief after close of business on May 17, 2005, it would have been impossible for plaintiff to file a request to exceed page limitation in a timely manner.

5. Plaintiff's reply brief will provide the court with the facts and applicable law necessary to make its decision and plaintiff's should be permitted to file a reply brief up to 20 pages.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct and that this declaration was executed this 20th day of May 2005, at Sacramento, California.

/s/
_____
MARK E. MERIN

**ORDER GRANTING LEAVE TO FILE UP TO A 20-PAGE REPLY BRIEF**

FOR GOOD CAUSE APPEARING, plaintiff's request to file up to a 20-page brief in reply to defendants' opposition to plaintiff's motion for class certification is GRANTED. Plaintiff may file a brief not to exceed 20 pages.

IT IS SO ORDERED.

Dated: 5-27-05        /s/ Saundra Brown Armstrong
                     HON. SAUNDRA BROWN ARMSTRONG
                     U.S. District Court Judge, Northern District