LAW OFFICE OF MARK E. MERIN
Mark E. Merin, SBN. 043849
2001 P Street, Suite 100
Sacramento, California  95814
Telephone:  (916) 443-6911
Facsimile:  (916) 447-8336

CASPER, MEADOWS, SCHWARTZ & COOK
Andrew Charles Schwartz, SBN 064578
2121 N California Boulevard, Suite 1020
Walnut Creek, CA 94596
Telephone: (925) 947-1147
Facsimile: (925) 947-1131

Attorneys for Plaintiffs

THOMAS F. CASEY III, COUNTY COUNSEL, SBN 47562
Carol L. Woodward, Deputy, SBN 084197
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
Telephone: (650) 363-4746
Facsimile: (650) 363-4034

PORTER, SCOTT, WEIBERG & DELEHANT
Terence J. Cassidy, SBN 99180
P.O. Box 255428
Sacramento, CA 95865
Telephone:  (916) 929-1481
Facsimile:  (916) 927-3706

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHANNON GALLAGHER, ROBERTA BAUCCIO, GRACE CARLAND, and all others similarly situated,<br><br>                    Plaintiffs,<br><br>vs.<br><br>COUNTY OF SAN MATEO, SAN MATEO COUNTY SHERIFF'S DEPARTMENT; SAN MATEO COUNTY SHERIFF DON HORSLEY, in his individual and official capacity; SAN MATEO COUNTY SHERIFF'S DEPUTIES DOES 1 THROUGH 100; and DOES 1 THROUGH 150, INCLUSIVE, et al.,<br><br>                    Defendants. | CASE NO: C 04-0448 SBA<br><br>**ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION**<br><br>**DATE:**    April 3, 2007<br>**TIME:**    1:00 p.m.<br>**CTRM:**   3<br>**JUDGE:**  Hon. Saundra Brown Armstrong |

1    WHEREAS, plaintiffs SHANNON GALLAGHER, ROBERTA BAUCCIO, and GRACE

2    CARLAND, on behalf of themselves and all persons similarly situated, by and through their

3    attorneys, Mark E. Merin of the Law Office of Mark E. Merin and Andrew C. Schwartz of

4    Casper, Meadows, Schwartz & Cook, and defendants, COUNTY OF SAN MATEO, SAN

5    MATEO COUNTY SHERIFF'S DEPARTMENT and SAN MATEO COUNTY SHERIFF DON

6    HORSLEY, by and through their counsel, Thomas F. Casey, III, County Counsel, Carol L.

7    Woodward, Deputy County Counsel and Terence J. Cassidy of the law firm Porter, Scott,

8    Weiberg & Delehant, have entered into a Stipulation of Settlement intending to resolve all

9    claims raised in this class action pending in this Court;

10    WHEREAS, the Stipulation of Settlement, together with the supporting materials, sets

11    forth the terms and conditions for a proposed settlement and dismissal with prejudice of the

12    pending above-captioned class action against all defendants;

13    WHEREAS, the Court has before it and has reviewed the parties' Stipulated Motion for

14    Preliminary Approval of Settlement of Class Action together with the Stipulation of Settlement

15    and supporting materials; and

16    WHEREAS, the Court is satisfied that the terms and conditions set forth in the

17    Stipulation of Settlement were the result of good faith, arms' length settlement negotiations

18    between competent and experienced counsel for both plaintiffs and defendants, after mediation

19    before both Chief Magistrate Judge James Larson and the Honorable Raul Ramirez (Retired);

20    IT IS HEREBY ORDERED AS FOLLOWS:

21   **I.      PRELIMINARY APPROVAL OF SETTLEMENT**

22    1.    The terms of the Stipulation of Settlement are hereby preliminarily approved,

23    subject to further consideration thereof at the Fairness Hearing provided for

24    below.  The Court finds that the settlement is sufficiently within the range of

25    reasonableness and that notice of the proposed settlement should be given as

26    provided in this Order.

27    2.    The Court further finds that plaintiffs SHANNON GALLAGHER, ROBERTA

28    BAUCCIO, and GRACE CARLAND are adequate class representatives for the

PAGE 2 OF 8

SHANNON GALLAGHER, et al. v. COUNTY OF SAN MATEO, et al.                                    USDC, Northern District, Case No. C 04-0448 SBA
ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION [PROPOSED]

settlement class.

3.   The Court further finds that plaintiffs' counsel Mark E. Merin of the Law Office of Mark E. Merin and Andrew C. Schwartz of Casper, Meadows, Schwartz and Cook are adequate class counsel.

4.   The Court approves the Notice of Proposed Settlement of Class Action Strip Search Case attached hereto as Exhibit A and further approves the method by which notice is proposed to be given.

5.   If, pursuant to the terms of the Stipulation of Settlement, the settlement is not consummated, the preliminary approval of the Stipulation of Settlement shall be void and the parties shall have reserved all of the rights to continue with any litigation or further mediation or settlement discussions.

6.   The Bar Date, as defined in paragraph 2 of the Stipulation of Settlement shall be October 5, 2007.

## II.   NOTICE TO SETTLEMENT CLASS MEMBERS, APPROVAL OF CLASS COUNSEL, AND EMPLOYMENT OF CLASS CLAIM ADMINISTRATOR

7.   Counsel for the class ("class counsel") are as follows:

Mark E. Merin, Esq.
Law Office of Mark E. Merin
2001 P Street, Suite 100
Sacramento, CA 95814
(916) 443-6911 - Telephone
(916) 447-8336 - Facsimile

Andrew Charles Schwartz, Esq.
Casper, Meadows, Schwartz & Cook
2121 N California Boulevard, Suite 1020
Walnut Creek, CA 94596
(925) 947-1147 - Telephone
(925) 947-1131 - Facsimile

8.   Counsel for defendants are as follows:

Thomas F. Casey, III, County Counsel
Carol L. Woodward, Deputy County Counsel
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
(650) 363-4746 - Telephone
(650) 363-4034 - Facsimile

PAGE 3 OF 8

SHANNON GALLAGHER, et al. v. COUNTY OF SAN MATEO, et al.                                    USDC, Northern District, Case No. C 04-0448 SBA
ORDER FOR PRELIMINARY APPROVAL OF SETTLEMENT OF CLASS ACTION [PROPOSED]

Terence J. Cassidy, Esq.
Porter Scott Weiberg & Delehant
P.O. Box 255428
Sacramento, CA 95865
(916) 929-1481- Telephone
(916) 927-3706 - Facsimile

9. Class Claims Administrator is as follows:

Gilardi and Company, LLC
3301 Kerner Blvd
San Rafael, CA 94901
(415) 461-0410 - Telephone
(800) Toll Free Number to be arranged.
(415) 461-0412 - Facsimile

10. Beginning no later than 30 days from the date of this Order, counsel for the parties acting with the Class Claims Administrator shall cause to be disseminated the Notice and Claim Form, substantially in the form attached hereto as Exhibits A and B, in the manner set forth in paragraphs 58 through 63 of the Stipulation of Settlement.  Such summary notice as the parties agree will be published in accordance with the Stipulation of Settlement and announcements following a script approved by the parties will be made on such radio stations with the frequency provided in the Stipulation of Settlement. Class members will have up to and including [four months from date of Court Order on a date certain to be inserted?], in which to object to this settlement or file claims.  Prior to the Fairness Hearing, the Claims Administrator shall file and serve a sworn statement attesting to compliance with the provisions of this paragraph.

11. The notice to be provided as set forth in the Stipulation of Settlement is hereby found to be the best means practicable of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed settlement and of the Fairness Hearing to all persons and entities affected by and/or entitled to participate in the settlement, in full compliance with applicable statutes and Constitution of the state of California, due process, the Constitution of the United States and all other applicable laws.  The notices are accurate, objective, informative and provide class members with all of the

necessary information to make an informed decision regarding their participation in the settlement and its fairness.

12.     Counsel for the respective parties are authorized to retain Gilardi and Company, LLC, 3301 Kerner Blvd, San Rafael, CA 94901, as Class Claims Administrator in accordance with the Stipulation of Settlement and this Order.

13.     Members of the Settlement Class were given an opportunity to be excluded ("opt out") from the Settlement Class by filing their request to be excluded on or before March 31, 2006.   No persons have elected to exclude themselves by filing requests for exclusion.

14.     Members of the Settlement Class who did not properly and timely request exclusion from the Settlement Class shall be bound by all the terms and provisions of this Stipulation of Settlement, including but not limited to the releases, waivers, and covenants described in the Stipulation of Settlement, whether or not such person object to the settlement and whether or not such person made a claim upon or participated in the Settlement Fund created pursuant to the Stipulation of Settlement.

## III.     THE FAIRNESS HEARING

15.     A hearing on final approval, the "Fairness Hearing," is hereby scheduled to be held before this Court on November 6, 2007, at 1:00 p.m., to consider the fairness, reasonableness, and adequacy of the proposed settlement, the dismissal with prejudice of this class action complaint with respect to the released parties herein, and the entry of final judgment in the class action.  Class counsels' application for award of attorneys' fees and costs shall be heard at the time of the Fairness Hearing.

16.     The date and time of the Fairness Hearing shall be set forth in the Notice, but the Fairness Hearing shall be subject to adjournment by the Court without further notice to the members of the settlement class other than that which may be issued by the Court.

17.   Any person who did not elect to be excluded from the settlement class may, but need not, enter an appearance through his or her own attorney.  Settlement class members who do not enter an appearance through their own attorneys will be represented by class counsel.

18.   Any person who did not elect to be excluded from the settlement class may, but need not, submit comments or objections to the proposed settlement.  Any class member may object to the proposed settlement, entry of the final order and judgment approving the settlement, and class counsels' application for fees and expenses by filing and serving a written objection.

19.   Any class member making the objection (an "objector") must sign the objection personally.  Any objection must state why the objector objects to the proposed settlement and provide the basis to support such position.  If an objector intends to appear personally at the Fairness Hearing, the objector must include with the objection a notice of the objector's intent to appear at the hearing.

20.   Objections, along with any notice of intent to appear, must be filed with the Court no later than October 5, 2007.  If counsel is appearing on behalf of more than one class member, counsel must identify each such class member and each class member must have complied with the requirements of this order.  The documents must be filed with the clerk of the Court at the following address: United States District Court, Northern District of California, 1301 Clay Street, Courtroom 3, Oakland, California 94612.

21.   Objections, along with any notice of intent to appear, must also be mailed to class counsel and counsel for defendants at the addresses listed below:

Counsel for the class ("class counsel") are as follows:

Mark E. Merin, Esq.
Law Office of Mark E. Merin
2001 P Street, Suite 100
Sacramento, CA 95814
(916) 443-6911 - Telephone
(916) 447-8336 - Facsimile

Andrew Charles Schwartz, Esq.
Casper, Meadows, Schwartz & Cook
2121 N California Boulevard, Suite 1020
Walnut Creek, CA 94596
(925) 947-1147 - Telephone
(925) 947-1131 - Facsimile

Counsel for defendants are as follows:

Thomas F. Casey, III, County Counsel
Carol L. Woodward, Deputy County Counsel
Hall of Justice and Records
400 County Center, 6th Floor
Redwood City, CA 94063
(650) 363-4746 - Telephone
(650) 363-4034 - Facsimile

Terence J. Cassidy, Esq.
Porter Scott Weiberg & Delehant
P.O. Box 255428
Sacramento, CA 95865
(916) 929-1481- Telephone
(916) 927-3706- Facsimile

22.    Only class members who have filed and served valid and timely notices of
objection shall be entitled to be heard at the Fairness Hearing.  Any class member
who does not timely file and serve an objection in writing to the settlement, entry
of final order and judgment, or to class counsels' application for fees and
expenses, in accordance with the procedure set forth in the class notice and
mandated in the order, shall be deemed to have waived any such objection by
appeal, collateral attack, or otherwise.

23.    Persons wishing to be heard at the Fairness Hearing are required to file written
comments or objections and indicate in their written comments or objections their
intention to appear at the Fairness Hearing.  Settlement class members need not
appear at the hearing or take any other action to indicate their approval.

24.    All members of the settlement class who did not timely request to be excluded
from the class are enjoined from proceeding against the defendants until such
time as the Court renders a final decision regarding approval of the settlement
and, if the settlement is approved, enters final judgment as provided in the
Stipulation of Settlement.

**V.      OTHER PROVISIONS**

25.     Upon approval of the settlement provided for in the Stipulation of Settlement, each and every term and provision thereof shall be deemed incorporated herein as if expressly set forth and shall have the force and effect of an order of this Court.

26.     The Honorable Raul Ramirez, United States District Court Judge, retired, is hereby appointed to serve as Special Master to review and resolve certain disputes which may arise pursuant to the terms of the Stipulation of Settlement.

27.     All reasonable costs incurred in notifying members of the settlement class as well as administering the Stipulation of Settlement shall be paid as set forth in the Stipulation of Settlement.

IT IS SO ORDERED.

DATED: 4/2/07

_____
HON. SAUNDRA BROWN ARMSTRONG
JUDGE OF THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA