1    Mark E. Merin (State Bar No. 043849)
     Cathleen A. Williams (State Bar No. 068029)
2    LAW OFFICES OF MARK E. MERIN
     2001 P Street, Suite 100
3    Sacramento, California  95814
     Telephone:    (916) 443-6911
4    Facsimile:     (916) 447-8336

5    Andrew C. Schwartz (State Bar No. 64578)
     CASPER, MEADOWS, SCHWARTZ & COOK
6    A Professional Corporation
     California Plaza
7    2121 North California Blvd., Suite 1020
     Walnut Creek, California  94596
8    Telephone:    (925) 947-1147
     Facsimile:     (925) 947-1131

9
     Attorneys for Plaintiffs
10
     MICHAEL P. MURPHY, COUNTY COUNSEL, SBN 83887
11   Carol L. Woodward, Deputy, SBN 084197
     Hall of Justice and Records
12   400 County Center, 6th Floor
     Redwood City, CA 94063
13   Telephone: (650) 363-4746
     Facsimile: (650) 363-4034

14
     PORTER SCOTT
15   Terence J. Cassidy, SBN 099180
     350 University Avenue, Suite 200
16   Sacramento, CA 95825
     Telephone:  (916) 929-1481
17   Facsimile:  (916) 927-3706

18   Attorneys for Defendants

19

20                    **UNITED STATES DISTRICT COURT**

21                  **NORTHERN DISTRICT OF CALIFORNIA**

22

23   SHANNON GALLAGHER, ROBERTA          Case No. C 04 0448 SBA
     BAUCCIO, GRACE CARLAND, and all
24   others similarly situated,          **ORDER AND JUDGMENT OF**
     Plaintiffs,                         **DISMISSAL**
25
     vs.
26                                       **DATE:   November 6, 2007**
                                         **TIME:   1:00 p.m.**
     COUNTY OF SAN MATEO, SAN            **CTRM:   3**
27   MATEO COUNTY SHERIFF'S              **JUDGE: Hon. Saundra Brown Armstrong**
     DEPARTMENT;  SAN  MATEO
28   COUNTY SHERIFF DON HORSLEY, in

                                   1

1   his individual and official capacity; SAN
    MATEO    COUNTY    SHERIFF'S
2   DEPUTIES DOES 1 THROUGH 100; and
    DOES 1 THROUGH 150, INCLUSIVE, et
3   al.

4          Defendants.
                                        /
5

6          This matter came on regularly for a Fairness Hearing on November 6, 2007, in

7   Courtroom 3 of the above-entitled Court, the Honorable Saundra Brown Armstrong

8   presiding.  Plaintiff Class was represented by Class Counsel Mark E. Merin of the Law

9   Office of Mark E. Merin and Andrew C. Schwartz of the law firm Casper, Meadows,

10  Schwartz & Cook; Defendants were represented by Terence J. Cassidy of the law firm of

11  Porter Scott.

12         After considering the submissions of the parties, including the Stipulated Motion for

13  Preliminary Approval of Provisional Settlement Class and Settlement of Class Action,

14  together with the extensive exhibits attached thereto; the unopposed Application of Plaintiffs'

15  Class Counsel for Award of Attorney Fees and Costs; the Joint Submission of the Parties in

16  Support of Final Approval of the Stipulation of Settlement; the arguments of counsel; the

17  submission from the Class Claims Administrator, and for all of the reasons and findings set

18  forth on the record, (a true and correct copy of the reporter's transcript of the hearing is

19  attached hereto and incorporated by reference as though fully set forth herein):

20         IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

21         1.     On April 2, 2007, this Court entered its order preliminarily approving

22  settlement of the above-captioned class action.  Since the entry of the Court's Preliminary

23  Order, in accordance with the Stipulation of Settlement as proved to the satisfaction of the

24  Court, the requisite notice of the Settlement, with opt-out and objection information, was

25  published in the Daily News Group on May 10 and 12, 2007, and in the San Francisco

26  Chronicle on May 3, 4, 9, 11, 16, and 18, 2007.  The notice of the Settlement and approved

27  claim forms, were posted by First Class Mail to the last-known address of each person in the

28  Settlement Class.  Both the published notice and the mailed notice specified that Claim

00544996.WPD          **ORDER & JUDGMENT OF DISMISSAL**      Case No. C 04-0448 SBA

1  Forms had to be delivered to the Claims Administrator, postmarked no later than October 5,
2  2007. The Court finds that pursuant to and in compliance with F.R.Civ.P. 23 due and
3  adequate notice was directed to all class members.

4      2.    Both the published and mailed notices specified that any person who chose to
5  object to the Settlement, either personally or through counsel, and desired to appear at the
6  Fairness Hearing, was required to submit a Notice of Intention to appear, together with
7  written arguments in support of any objection, by October 5, 2007. No written objections
8  were received by counsel or the Court. Furthermore, although opportunity was given by the
9  Court to voice objections at the time of the Fairness Hearing, no objections were stated by
10  any member of the Class or representative of any such Class Member.

11      3.    The Court is satisfied from all of the memoranda of law, declarations, and
12  exhibits submitted to the Court, that the Stipulation of Settlement is, and the Court now finds,
13  that the Stipulation of Settlement is fair and finally approves it as such. The Stipulation of
14  Settlement is incorporated herein by this reference as if set out in full.

15      4.    The "Settlement Class" means and includes all of those persons who are
16  members of the following defined class and/or sub-classes who were booked at San Mateo
17  County Maguire Correctional Facility and strip searched prior to arraignment.

18          a.    For the federal claim ("Class One"):

19          All women who, from February 3, 2002 to December 2, 2003, were arrested
20          on any charge (including felonies) not involving weapons, controlled
21          substances, or violence, and not involving a violation of parole or a violation
22          of probation (where consent to search is a condition of such probation), and
23          who were subjected to a uniform and indiscriminate (blanket) strip/visual body
24          cavity search by defendants before arraignment at the San Mateo County Jail
25          without any individualized reasonable suspicions that they were concealing
26          contraband. This class also includes all female arrestees who were subjected
27          to subsequent blanket strip search before arraignment after the initial
28          strip/visual body cavity search without any reasonable individualized suspicion

1             that they had subsequently acquired and hidden contraband on their persons.

2             b.      For the state law claim ("Class Two"):

3                    All female arrestees who, from June 12, 2003 to December 2, 2003,

4                    were arrested on an infraction or misdemeanor charge and brought to

5                    the San Mateo County Jail and who were subjected to a uniform and

6                    indiscriminate (blanket) strip/visual body cavity search before

7                    arraignment without written supervisorial authorization, as required

8                    under California Penal Code § 4030(f).

9      5.      There are no individuals who submitted timely requests to the Court to opt out

10 of the Stipulation of Settlement. Therefore, all claims and complaints of the named

11 representative Plaintiffs, together with all persons in the Settlement Class, are now dismissed

12 with prejudice as to all of the Released Persons defined to include all Defendants, their

13 predecessors, successors, and/or assigns, together with past, present and future officials,

14 employees, representatives, attorneys and/or agents of the County of San Mateo. Claims and

15 complaints of such persons are now forever barred, and all Settlement Class Members are

16 enjoined from asserting against any released persons any and all claims which the Settlement

17 Class Members had, have, or may have in the future arising out of the facts alleged in the

18 complaints.

19      6.      Each Released Person is released from the claims which any Settlement Class

20 Member has had or may in the future have against any such Released Persons arising out of

21 the facts in the complaints.

22      7.      This Court explicitly finds that the Stipulation of Settlement, which is now

23 made final by this Judgment, was entered into in good faith, is reasonable, fair, and adequate,

24 and is in the best interest of the Class. The Court expressly approves payment to class

25 counsel, Mark E. Merin of the Law Office of Mark E. Merin and Andrew C. Schwartz of the

26 law firm Casper, Meadows, Schwartz & Cook, the amount of Six Hundred Thousand Dollars

27 ($600,000.00), as and for attorney fees, together with costs, for the representation of

28 Settlement Class Members herein, to be paid as provided in the Stipulation of Settlement.

8. The Court further explicitly approves payment from the payment fund a total of One Hundred Twenty Thousand Dollars ($120,000.00) to be divided among the representative Plaintiffs, as specified in the Stipulation of Settlement. The Court finds the amount is fair and adequate in view of the damages suffered by the representative Plaintiffs and the efforts they expended in litigating this case in the almost four years it has been pending.

9. Claims have been submitted and, in accordance with the claims processing procedure specified in the Stipulation of Settlement, will be reviewed, valued, and paid by the Claims Administrator from funds provided by the defendants as soon as practicable following the effective date of this Judgment, meaning the date it is entered and becomes final. Such Judgment will be deemed final only upon the expiration of the time to appeal or, if a notice of appeal is filed in this matter, upon exhaustion of all appeals and petitions for writ of certiorari. The Court also approves of the payment of up to one hundred and fifty thousand dollars and no cents ($150,000.00) to Gilardi and Company, LLC for services rendered as Claims Administrator.

10. The parties have consented to the continuing jurisdiction of a Magistrate Judge over the parties in this action, including Defendants and all Settlement Class Members, to administer, supervise, construe and enforce the Settlement in accordance with the terms for the mutual benefit of all of the parties.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the complaint in this action be dismissed with prejudice and that judgment be and the same hereby is entered pursuant to the terms of this Order.

Dated: 11/29/07 _____

_Saundra B Armstrong_

HON. SAUNDRA BROWN ARMSTRONG
Judge, United States District Court
Northern District of California

5

```
 1            IN THE NORTHERN DISTRICT OF CALIFORNIA

 2       OAKLAND, CALIFORNIA; DEPT 3; SAUNDRA ARMSTRONG, JUDGE

 3   SHANNON GALLAGHER,              ) C-04-448 SBA

 4            PLAINTIFF,             )

 5   V.                             ) TUESDAY 11/06/2007

 6   COUNTY OF SAN MATEO,            )

 7            DEFENDANT.             )

 8   _____)

 9            REPORTER'S TRANSCRIPT OF PROCEEDINGS

10   APPEARANCES:

11   FOR THE PLAINTIFF:

12   LAW OFFICE OF MARK E. MERIN
     2001 P STREET, SUITE 100
13   SACRAMENTO, CALIFORNIA  95814
     TEL (916) 443-6911 FAX (916) 447-8336 MARK@MARKMERIN.COM
14   BY:  MARK E. MERIN, ATTORNEY AT LAW
     LAW OFFICES OF CASPER, MEADOWS, SCHWARTZ & COOK
15   A PROFESSIONAL CORPORATION
     2121 N. CALIFORNIA BLVD., SITE 1020
16   WALNUT CREEK, CALIFORNIA  94596
     TEL (925) 947-1147 FAX (925) 946-1131 SCHWARTZ@CMSLAW.COM
17   BY:  ANDREW SCHWARTZ, ATTORNEY AT LAW

18   FOR THE DEFENDANT:

19   PORTER SCOTT ATTORNEYS
     350 UNIVERSITY AVENUE, SUITE 200
20   SACRAMENTO, CALIFORNIA  95825
     TEL (916) 929-1481 FAX (916) 927-3706
21   TCASSIDY@PORTERSCOTT.COM, WWW.PORTERSCOTT.COM
     BY:  TERENCE J. CASSIDY, ATTORNEY AT LAW
22

23

24

25   REPORTED BY:  STARR A. WILSON, CSR 2462
```

ORIGINAL FILED

NOV - 7 2007

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

```
 1    OAKLAND, CALIFORNIA; TUESDAY, NOVEMBER 6, 2007; 1:08 P.M.,

 2    DEPARTMENT THREE; SAUNDRA BROWN ARMSTRONG, JUDGE

 3                           -oOo-

 4         THE CLERK:  ALL RISE.  THIS COURT IS NOW IN

 5    SESSION.  THE HONORABLE SAUNDRA BROWN ARMSTRONG PRESIDING.

 6         PLEASE BE SEATED.

 7         CALLING CIVIL 04-0448, SHANNON GALLAGHER VERSUS

 8    COUNTY OF SAN MATEO.

 9         COUNSEL, WILL YOU PLEASE COME FORWARD AND STATE

10    YOUR APPEARANCES FOR THE COURT?

11         MR. MERIN:  GOOD AFTERNOON, YOUR HONOR.  MARK

12    MERIN.

13         THE COURT:  GOOD AFTERNOON.

14         MR. SCHWARTZ:  ANDREW SCHWARTZ, YOUR HONOR.

15         THE COURT:  GOOD AFTERNOON.

16         MR. CASSIDY:  GOOD AFTERNOON, YOUR HONOR.  TERENCE

17    CASSIDY ON BEHALF OF DEFENDANTS.

18         THE COURT:  GOOD AFTERNOON.

19         OKAY.  THIS, UM, MATTER IS ON THE COURT'S CALENDAR

20    FOR THE PARTIES' JOINT SUBMISSION AND SUPPORT OF FINAL

21    APPROVAL OF THE SETTLEMENT, THE STIPULATED SETTLEMENT, AND

22    CLASS COUNSEL'S STIPULATION FOR APPROVAL OF STIPULATED

23    ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS.

24         FOR THE RECORD, I HAVE RECEIVED, READ, AND

25    CONSIDERED THE FOLLOWING DOCUMENTS IN CONNECTION WITH THIS
```

```
 1   MOTION -- THESE MOTIONS:  THE COURT'S APRIL 3 ORDER
 2   PRELIMINARILY APPROVING THE SETTLEMENT; THE PARTIES' JOINT
 3   SUBMISSION AND SUPPORT OF THE FINAL APPROVAL OF THE
 4   STIPULATED SETTLEMENT FILED ON OCTOBER 19, 2007; CLASS
 5   COUNSEL'S APPLICATION FOR APPROVAL OF STIPULATED ATTORNEYS'
 6   FEES AND REIMBURSEMENT OF COSTS FILED ON OCTOBER 10, 2007,
 7   WITH THE CORRECTED VERSION FILED ON OCTOBER 19, 2007; THE
 8   DECLARATION OF RYANNE FITZGERALD IN SUPPORT OF THE
 9   SETTLEMENT FILED ON OCTOBER 19, 2007; UM, THE DECLARATION OF
10   ANGELA SCHWARTZ FILED OCTOBER 10, 2007; THE DECLARATION OF
11   MARK E. MERIN FILED ON OCTOBER 10, 2007.
12          THOSE ARE DOCUMENTS THAT I HAVE RECEIVED, READ AND
13   CONSIDERED IN CONNECTION WITH THESE MOTIONS.
14          HAVE YOU BOTH RECEIVED COPIES OF WHAT THE COURT
15   HAS CONSIDERED?
16          MR. MERIN:  YES, YOUR HONOR.
17          MR. SCHWARTZ:  YES, YOUR HONOR.
18          MR. CASSIDY:  YES, YOUR HONOR.
19          THE COURT:  HAVE YOU FILED ANY DOCUMENTS THAT I
20   HAVE NOT INDICATED RECEIPT OF?
21          MR. MERIN:  THE ONLY ONE IS THE E-FILED PROPOSED
22   ORDER AND JUDGMENT.
23          THE COURT:  OH.  OKAY.  WELL, I DID RECEIVE THAT
24   AS WELL.
25          THANK YOU.
```

```
1              ANY OTHER DOCUMENTS?
2              MR. SCHWARTZ:  NO.  YOUR HONOR.
3              MR. CASSIDY:  NO, I BELIEVE THAT'S ALL THE
4  DOCUMENTS THAT WERE SUBMITTED.
5              THE COURT:  OKAY.  WE'LL NOTE FOR THE RECORD THAT
6  NO OBJECTION TO THE SETTLEMENT WERE FILED BY THE
7  COURT-IMPOSED DEADLINE OF OCTOBER 5, 2007; IS THAT CORRECT?
8              MR. MERIN:  YES, YOUR HONOR.
9              MR. CASSIDY:  THAT'S CORRECT, YOUR HONOR.
10             THE COURT:  AND I SEE THERE ARE A COUPLE OF PEOPLE
11 IN THE COURTROOM.
12             I SHOULD SAY IS THERE ANYONE HERE IN THE COURT WHO
13 HAS AN OBJECTION THAT DID NOT FILE A TIMELY WRITTEN
14 OBJECTION?  IF SO, PLEASE STAND AND BE HEARD.
15             OKAY.  I WILL INDICATE FOR THE RECORD THAT THERE
16 ARE ONLY TWO PEOPLE IN THE COURTROOM, AND NONE -- AND
17 NEITHER OF THEM STOOD IN RESPONSE TO THE COURT'S INVITATION.
18             SO BEFORE WE ENGAGE IN A SUBSTANTIVE DISCUSSION, I
19 WANT TO FIRST GIVE YOU MY INCLINATION.
20             MY INCLINATION IS TO APPROVE THE SETTLEMENT AND TO
21 APPROVE CLASS COUNSELS' REQUESTS FOR FEES AND COST.
22             I'M ALSO INCLINED TO INCLUDE A REQUEST OF AWARD OF
23 $120,000 TO SHANNON GALLAGHER, ROBERTA BAUCCIO AND GRACE
24 CARLAND, AND COMPENSATION FOR SERVING AS CLASS
25 REPRESENTATIVES.
```

```
 1          AFTER I HAVE GIVEN YOU ALL MY INCLINATIONS, I WILL

 2   GIVE YOU A CHANCE TO EXPRESS YOUR COMMENTS AND CONCERNS IF

 3   YOU HAVE ANY.

 4          WITH RESPECT TO NOTICE, I'M INCLINED TO FIND THAT

 5   NOTICE IN THIS CASE WAS ADEQUATE.  RULE 23 REQUIRES THAT THE

 6   COURT DIRECT THAT -- TO THE MEMBERS OF THE CLASS THE BEST

 7   NOTICE PRACTICABLE UNDER THE CIRCUMSTANCES, INCLUDING

 8   INDIVIDUAL NOTICE TO ALL MEMBERS WHO CAN BE IDENTIFIED

 9   THROUGH REASONABLE EFFORT.

10          ON APRIL 2, 2007 THIS COURT APPROVED AS TO FORM

11   AND CONTENT, THE NOTICE OF CLASS SETTLEMENT AND THE PROOF OF

12   CLAIM AND RELEASE.  PURSUANT TO THE COURT'S ORDER, THE

13   CLAIMS ADMINISTRATOR GILARDI & COMPANY, LLC, WAS RETAINED TO

14   SUPERVISE AND ADMINISTER THE NOTICE PROCEDURE.

15          THE NOTICE IN THIS MATTER MEETS THE CRITERIA SET

16   FORTH IN THE CASE IN OFFICERS FOR JUSTICE VERSUS CIVIL

17   SERVICE COMMISSION IN THE CITY AND COUNTY OF SAN FRANCISCO,

18   FOUND AT 688 FED 2ND 615, SPECIFICALLY AT PAGE 624.

19          THE CLASS CLAIM ADMINISTRATOR IS GILARDI &

20   COMPANY.  THE CLAIMS ADMINISTRATOR OBTAINED THE DATABASE OF

21   LAST KNOWN ADDRESSES OF EACH OF THE MEMBERS OF THE CERTIFIED

22   CLASS OF PLAINTIFFS AND MAILED TO EACH CLAIMANT BY FIRST

23   CLASS MAIL A NOTICE AND CLAIM FORM.

24          A SAMPLE CLAIM FORM IS IN THE RECORD.  THE CLAIM

25   FORM INCLUDES AN 800 NUMBER FOR FURTHER INFORMATION WITH
```

1    SPANISH AVAILABLE.  AND A WEBSITE ADDRESS FOR CLAIMANTS TO

2    OBTAIN INFORMATION AND REVIEW THE RELEVANT DOCUMENTS.

3         THE PARTIES TOOK STEPS TO FIND UP-TO-DATE

4    ADDRESSES OF CLAIMANTS AND MAILED FURTHER NOTICES TO THOSE

5    ADDRESSES.

6         IN ADDITION, THE CLAIMS ADMINISTRATOR PUBLISHED

7    SUMMARY FORMS OF THE NOTICE IN THE DAILY -- IN THE DAILY

8    NEWS GROUP ON MAY 10, AND 17, 2007; IN THE SAN FRANCISCO

9    CHRONICLE ON MAY 3, 4, 9, 11, 16, AND 18.

10        CLAIMS HAVE BEEN RECEIVED FROM OVER 220 CLAIMANTS,

11   APPROXIMATELY 15 PERCENT OF THE ELIGIBLE CLASS.

12        IN LIGHT OF THE FOREGOING, THE COURT IS INCLINED

13   TO FIND THAT THE NOTICE OF A SETTLEMENT WAS ADEQUATELY

14   DISSEMINATED AND CLEARLY APPRIZED ANY PERSONS INCLINED TO

15   OBJECT TO FILE TIMELY OBJECTIONS IN ACCORDANCE WITH THE RULE

16   23.

17        WITH RESPECT TO THE FAIRNESS REASONABLENESS AND

18   ADEQUACY OF THE SETTLEMENT.

19        IN ASSESSING THE FAIRNESS, REASONABLENESS AND

20   ADEQUACY OF THE SETTLEMENT, THE COURT HAS EVALUATED,

21   CONSIDERED AND BALANCED THE FOLLOWING NONEXCLUSIVE FACTORS:

22   ONE, THE STRENGTH OF PLAINTIFFS' CASE; TWO, THE RISK,

23   EXPENSE, COMPLEXITY AND LACK OF DURATION OF FURTHER

24   LITIGATION; THIRD, THE AMOUNT OFFERED IN SETTLEMENT; FOURTH,

25   THE EXTENT OF DISCOVERY COMPLETED, AND THE STAGE OF THE

```
 1   PROCEEDINGS; FIVE, THE EXPERIENCE AND VIEWS OF COUNSEL, AND;

 2   SIX, THE REACTION OF CLASS MEMBERS TO THE PROPOSED

 3   SETTLEMENT.

 4         LISA.   (CONFERENCE BETWEEN THE CLERK AND COURT NOT

 5   REPORTED.)

 6         BASED ON THE SUBMISSIONS AND REPRESENTATIONS OF

 7   THE PARTIES, THE SETTLEMENT IS FAIR, ADEQUATE AND

 8   REASONABLE.

 9         FIRST, WITH RESPECT TO THE STRENGTH OF PLAINTIFFS'

10   CASE, THE PLAINTIFFS HAVE IDENTIFIED FEDERAL CASE LAW AND

11   STATE STATUTORY LAW SUPPORTING THEIR POSITION THAT THEY HAVE

12   A VIABLE CLAIM BASED ON BLANKET PREARRANGEMENTS STRIP

13   SEARCHES CONDUCTED WITHOUT INDIVIDUALIZED SUSPICION AND

14   LACKING CERTAIN PROCEDURAL SAFEGUARDS.

15         ON THE OTHER HAND, CLAIMS ASSERTING UNREASONABLE

16   SEARCHES UNDER THE FOURTH AMENDMENT REQUIRED CAREFUL

17   BALANCING OF THAT RIGHT AGAINST THE SECURITY AND SAFETY

18   CONCERNS OF THE CORRECTIONAL INSTITUTIONS.   THUS, WHILE THE

19   PLAINTIFFS HAVE A STRONG CASE, THERE IS NO GUARANTEE THAT

20   JUDGMENT WOULD ULTIMATELY BE GRANTED IN THEIR FAVOR.   A

21   SETTLEMENT IS ACCORDINGLY A RATIONAL COURSE FOR PLAINTIFFS.

22         THE AMOUNT OFFERED IN SETTLEMENT THE DEFENDANTS

23   HAVE AGREED TO PAY A TOTAL OF $1,900,000 TO SETTLE ALL

24   CLAIMS OF THE CLASS MEMBERS' ATTORNEYS' FEES AND

25   ADMINISTRATIVE COSTS.   OF THIS $1,150,000 IS DESIGNATED FOR
```

```
 1   CLAIMS FOR CLASS MEMBERS, $600,000 FOR ATTORNEYS' FEES AND
 2   COSTS INCURRED BY CLASS COUNSEL, AND UP TO $150,000 TO BE
 3   ALLOCATED TO THE ADMINISTRATION FUND TO COVER THE COST OF
 4   CLAIMS ADMINISTRATION.
 5          THE $1,150,000 SETTLEMENT FOR THE CLASS PROVIDES
 6   FOR COMPENSATION ALONG THREE TIERS:  FACTORING IN THE NUMBER
 7   OF STRIP SEARCHES; CIRCUMSTANCES SURROUNDING THE STRIP
 8   SEARCHES; AND THE AMOUNT OF DOCUMENT AND PSYCHOLOGICAL HARM.
 9          THE SETTLEMENT PROVIDES FOR THE APPOINTMENT OF A
10   CLAIMS ADMINISTRATOR TO DETERMINE THE APPROPRIATE TIER AN
11   INDIVIDUAL CLAIMANT FALLS INTO BASED UPON A NUMBER OF
12   CRITERIA LAID OUT IN THE CELEBRANT AGREEMENT.
13          EACH CLAIMANT WILL RECEIVE A MINIMUM OF $1,250.
14   THE SETTLEMENT PROVIDES THAT THE THREE-NAMED PLAINTIFFS,
15   SHANNON GALLAGHER, ROBERTA BAUCCIO AND GRACE CARLAND, WILL
16   RECEIVE A PREMIUM PAYMENT OF $120,000.  THAT'S -- THAT
17   SETTLEMENT ALSO ALLOCATES $600,000 FOR ATTORNEYS' FEES AND
18   COSTS AMOUNTING TO 31.6 PERCENT OF THE TOTAL SETTLEMENT.
19          IN ADDITION TO MONETARY COMPENSATION, THE
20   DEFENDANTS HAVE REVISED THE STRIP SEARCH POLICIES.
21          EXTENT OF DISCOVERY, THE PARTIES STATE THEY
22   ENGAGED IN EXTENSIVE DISCOVERY.  THEY TELL OF EXCHANGING
23   DISCOVERY DOCUMENTS, PROPOUNDING AND RESPONDING TO
24   INTERROGATORIES AND CONDUCTING DEPOSITIONS OF POLICYMAKERS,
25   LINE OFFICERS, AS WELL AS THE PARTIES THEMSELVES.
```

```
 1            COUNSEL FOR BOTH PARTIES AGREE THAT THE SETTLEMENT
 2    IS FAIR AND ADEQUATE AND REASONABLE AND THAT IT SHOULD BE
 3    APPROVED BY THE COURT.
 4            THERE IS NO EVIDENCE FROM THIS COURT'S PERSPECTIVE
 5    TO SUGGEST THAT THIS SETTLEMENT WAS NOT MADE IN GOOD FAITH
 6    OR WAS A RESULT OF COLLUSION BETWEEN COUNSEL FOR THE
 7    PARTIES.
 8            THE PARTIES RELATE THAT ON DECEMBER 16, 2005 AND
 9    ON APRIL 5, 2006 THEY CONDUCTED MEDIATION BEFORE MAGISTRATE
10    JUDGE JAMES LARSON.  THESE SESSIONS WERE UNSUCCESSFUL.
11            THEY CONTINUED TO LITIGATE THE MATTER UNTIL
12    MID-AUGUST WHEN THEY PARTICIPATED IN FURTHER MEDIATION
13    SESSIONS PROVIDED OVER BY HONORABLE RAUL A. RAMIREZ.  AT
14    THIS TIME THE PARTIES CONTINUED THEIR NEGOTIATIONS UNTIL
15    REACHING THE PRESENT AGREEMENT.
16            AFTER EVALUATING ALL THE RELEVANT FACTORS, THE
17    COURT IS INCLINED TO APPROVE THE SETTLEMENT.  THE COURT IS
18    ALSO INCLINED TO FIND THAT THE AMOUNT OF SETTLEMENT FUND IS
19    OF SUBSTANTIAL VALUE TO THE SETTLEMENT CLASSES AND THAT THE
20    OVERALL SETTLEMENT IS THEREFORE FAIR, REASONABLE, AND
21    ADEQUATE.
22            THE COURT ALSO NOTES THAT NO OBJECTIONS WERE FILED
23    WITH RESPECT TO THE SETTLEMENT.  THE ABSENCE OF ANY
24    OBJECTIONS TO THE SETTLEMENT FURTHER SUPPORTS FINAL
25    APPROVAL.  ACCORDINGLY, I AM INCLINED TO APPROVE THE
```

1 SETTLEMENT.

2 WITH RESPECT TO TURNING TO CLASS COUNSEL'S REQUEST

3 FOR ATTORNEYS' FEES AND COSTS, THE COURT NOTES THAT CLASS

4 COUNSEL HAS REQUESTED FEES IN THE AMOUNT OF $600,000, WHICH

5 IS 31.6 PERCENT OF THE TOTAL SETTLEMENT CONSIDERATION. THIS

6 REQUEST AMOUNT IS SLIGHTLY HIGHER THAN THE NINTH CIRCUIT

7 BENCHMARK OF 25 PERCENT. THE COURT IS INCLINED TO FIND A

8 CLASS COUNSELS' REQUEST FOR FEES AND COSTS IS FAIR AND

9 REASONABLE AND THE NINTH CIRCUIT AND DISTRICT COURT HAVE THE

10 DISCRETION TO AWARD FEES IN COMMON FUND CASES BASED ON

11 EITHER THE SO-CALLED LOW STAR MULTIPLYING METHOD OR THE

12 PERCENTAGE OF THE FUND METHOD.

13 THE NINTH CIRCUIT HAS EXPRESSLY APPROVED THE USE

14 OF THE PERCENTAGE METHOD IN COMMON FUND CASES.

15 THE COMMON FUND CREATED BY THE -- AND THAT IS A

16 PAUL JOHNSON CASE.

17 THE COMMON FUND CREATED BY THE SETTLEMENT IS

18 $1,500,000. OF THIS $600,000, IT IS STIPULATED, FOR

19 ATTORNEYS' FEES. CLASS COUNSEL ADVANCED $18,939.34 IN

20 COSTS. THE BALANCE, $581,060.76 CENTS IS FOR ATTORNEYS'

21 FEES.

22 THE REQUESTED AMOUNT OF $600,000 REPRESENTS 31.6

23 PERCENT OF THE COMMON FUND OF $1,900,000. THIS IS AN UPWARD

24 DEPARTURE FROM THE NINTH CIRCUIT'S 25 PERCENT BENCHMARK BUT

25 AN UPWARD DEPARTURE, I THINK, IT IS JUSTIFIED OF THE

```
 1   CIRCUMSTANCES OF THE CASE.
 2           GIVEN THE COURT'S EVALUATION OF THE RESULTS
 3   OBTAINED IN THIS CASE, CLASS COUNSEL HAVE OBTAINED THE
 4   FAITHFUL RESULT ON BEHALF OF OVER A THOUSAND FEMALE
 5   DETAINEES AS WELL AS FUTURE DETAINEES.
 6           THOSE CLASS MEMBERS THAT HAVE BEEN -- THAT HAVE
 7   RESPONDED TO THE NOTICE WILL OBTAIN AT LEAST $1,250.  THOSE
 8   CLASS MEMBERS THAT MEET VARIOUS AGGRAVATING CRITERIA OF THE
 9   SETTLEMENT AGREEMENT MAKES THE AWARDS CLOSER TO $30,000.
10   THE THREE NAMED PLAINTIFFS ARE ALSO TO BE AWARDED A TOTAL OF
11   $120,000.
12           RISK FOR CLASS COUNSEL, COUNSEL PURSUED THIS CASE
13   IN THE ABSENCE OF CONTROLLING PRECEDENT AND WITHOUT ANY
14   CERTAINTY THAT THE FEDERAL AND STATE CONSTITUTIONAL CLAIMS
15   THEY RAISED WILL BE RESOLVED IN THEIR FAVOR.  MOREOVER, THE
16   CLAIMS CERTIFICATION WAS OPPOSED BY THE DEFENDANTS AND THE
17   ISSUE REQUIRED EXTENSIVE BRIEFING FROM THE PARTIES.
18           ABSENT CLASS CERTIFICATION, THE POTENTIAL RECOVERY
19   WOULD HAVE BEEN LIMITED TO INDIVIDUAL PLAINTIFFS AND THUS
20   POTENTIAL COMPENSATION FOR THE ATTORNEYS RELATIVELY LIMITED.
21           NONMONETARY BENEFITS ACHIEVED IN THIS CASE, THE
22   EFFORTS OF CLASS COUNSEL GENERATED BENEFITS BEYOND THE CASH
23   SETTLEMENT AS THE DEFENDANTS HAVE REVISED THEIR STRIP SEARCH
24   POLICY, WHICH IS SIGNIFICANT.
25           MOREOVER, THE DEFENDANTS SET OUT THEIR NEW POLICY
```

1    LAID IN WRITING HELPING TO CLARIFY THE STANDARDS THAT THEY

2    WOULD EMPLOY IN THE FUTURE.

3              REASONABLE MARKET RATE, HERE CLASS COUNSEL AND THE

4    NAMED PLAINTIFFS AGREE ON A CONTINGENCY FEE OF 40 PERCENT OF

5    THE SETTLEMENT OR AWARD.  THE REQUESTED ATTORNEYS' FEES

6    AMOUNT TO ALMOST TEN PERCENT LESS THAN THE AGREED-UPON

7    FIGURE.

8              IT IS TRUE THAT THE AGREEMENTS BETWEEN CLASS

9    COUNSEL AND THE NAMED PLAINTIFFS ARE ONLY SOMEWHAT PROBABLE

10   OF A REASONABLE WEIGHT FOR THE COURT GIVES ONLY MINIMAL

11   WEIGHT TO THE AGREEMENT ITSELF; NONETHELESS, CONTINGENCY FEE

12   ARRANGEMENTS OF ONE-THIRD ARE VERY COMMON AND, THEREFORE, AN

13   AWARD OF LESS THAN THAT MARKET RATE IS REASONABLE AND IS

14   FAVORABLE TO THE INTEGRAL CLASS MEMBERS.

15             REPRESENTATION OF THIS CLASS REQUIRED COUNSEL TO

16   FOREGO OTHER WORK, WHICH IS A RELEVANT FACTOR.  COUNSEL FOR

17   THE CLASS HAVE EXPENDED 1,755 LITIGATING HOURS LITIGATING

18   AND NEGOTIATING ON BEHALF OF THE CLASS.  THE EXPENDITURE OF

19   THESE HOURS, OF COURSE, REPRESENT AN OPPORTUNITY LOSS FOR

20   CLASS COUNSEL TO DIRECT THEIR EFFORTS ELSEWHERE.

21             IN ADDITION, THE COMPLAINT IN THIS ACTION WAS

22   FILED FEBRUARY 3, 2004.  CLASS COUNSEL HAVE REPRESENTED THE

23   INTERESTS OF THE CLASS FOR NEARLY FOUR YEARS AND AGREED TO

24   REPRESENT THE NAMED PLAINTIFF ON A CONTINGENCY BASIS AND

25   THERE WAS NO GUARANTEE AT THE OUTSET THAT CLASS COUNSEL

1   WOULD BE COMPENSATED FOR THEIR EFFORTS.  SO THE LOW START IS

2   A CROSSCHECK OF REASONABLENESS, I THINK, BASED ON THE

3   COURT'S EVALUATION AND THE CLIENTS, SHALL APPROVE THE

4   $600,000 ATTORNEYS' FEES IS REASONABLE.

5          UM, WITH RESPECT TO THE PROPOSED ORDER THAT HAS

6   BEEN SUBMITTED, I'M INCLINED TO APPROVE THE PROPOSED ORDER

7   ONCE IT HAS BEEN MODIFIED TO REFLECT MY SPECIFIC RULINGS

8   TODAY AS APPROPRIATE.

9          I HAVE NOTED THAT THE PARTIES ARE REQUESTING THE

10  COURT RETAIN CONTINUED JURISDICTION OVER THE STIPULATION OF

11  CLASS ACTION SETTLEMENT.

12         TYPICALLY, WHEN THESE REQUESTS I MADE, I HAVE NO

13  OBJECTION TO RETAINING JURISDICTION IN THE FEDERAL COURT AS

14  LONG AS THE PARTIES CONSENT TO THE JURISDICTION OF A

15  MAGISTRATE IN -- IN THE CONTINUING JURISDICTION.  OVER

16  THE -- WHAT IS BASICALLY -- A BREACH OF CONTRACT.  SO, UM,

17  SO I WOULD LIKE YOU TO ADDRESS THAT POINT AS WELL.

18         SO NOW THAT I HAVE GIVEN YOU MY INCLINATION, DO

19  YOU HAVE ANY ADDITIONAL COMMENTS THAT YOU WOULD LIKE TO MAKE

20  BEFORE MY FINAL APPROVAL?

21         **MR. SCHWARTZ:**  NO, YOUR HONOR.

22         **MR. MERIN:**  NO, YOUR HONOR.  EXCEPT TO SAY THANK

23  YOU FOR THE THOROUGHNESS WITH WHICH YOU ADDRESSED THE ISSUES

24  IN THIS LITIGATION.

25         **THE COURT:**  OKAY.  AND --

```
 1              MR. CASSIDY:  JUST A BRIEF MATTER, YOUR HONOR,
 2    THAT, UM, ACTUALLY THE TOTAL NUMBER OF CLAIMS SUBMITTED WAS
 3    272.
 4              THE COURT:  272.
 5              MR. CASSIDY:  SO IT WAS A HIGHER NUMBER THAN
 6    REFLECTED IN YOUR FINDINGS.
 7              THE COURT:  OKAY.
 8              MR. CASSIDY:  AND I THINK THAT ALSO SUPPORTS YOUR
 9    FINDINGS EQUALLY, IF NOT MORE.
10              THE COURT:  OKAY.
11              MR. CASSIDY:  AND OTHER THAN THAT, JUST TO
12    CLARIFICATION IN TERMS OF THE ORDER, WOULD YOU LIKE US TO
13    GET A TRANSCRIPT AND INCORPORATE THAT IN BY REFERENCE, UM,
14    TO THE ORDER AND JUDGMENT OF DISMISSAL OR HOW WOULD YOU LIKE
15    US TO PREPARE THAT?
16              THE COURT:  UM, YOU CAN -- YOU AREN'T TAKING NOTES
17    OR ANYTHING?  WERE YOU FOLLOWING ALONG?
18              MR. CASSIDY:  I FOLLOWED IT PRETTY CLOSELY AND I
19    THINK A LOT OF IT IS A SUMMATION OF THE VARIOUS MATERIALS
20    SUBMITTED.
21              THE COURT:  RIGHT.
22              MR. CASSIDY:  BUT IT WAS SO SUCCINCT AND WELL
23    STATED THAT I THOUGHT --
24              THE COURT:  OKAY.  THEN YOU CAN GET A COPY OF THE
25    TRANSCRIPT AND THEN JUST SUBMIT THAT IN.  BUT WE'LL -- I'LL
```

```
 1    APPROVE IT TODAY BUT WITHIN THE SAYING THAT BY, UM, --

 2            MR. CASSIDY:  SORRY.

 3            THE COURT:  -- A COUPLE WEEKS.  SO IF WE SAY, UM,

 4    BY THE TWENTY-SEVENTH OF NOVEMBER YOU'LL HAVE IT TO ME AND

 5    SO YOU'LL TALK WITH THE COURT REPORTER AND YOU'LL GET THE --

 6    SHE'LL GET THE TRANSCRIPT.

 7            MR. CASSIDY:  DO YOU WANT US TO DO IT IN THE FORM

 8    OF AN AMENDED ORDER OR DO YOU JUST WANT IT US TO SUBMIT IT

 9    AND INDICATE IN A SHORT ORDER THAT IT'S INCORPORATED BY

10    REFERENCE INTO THE ORDER AND JUDGMENT?

11            THE COURT:  JUST, YOU KNOW, IT DOESN'T HAVE TO BE

12    CHARACTERIZED AS AN AMENDED ORDER.  IT IS JUST A PROPOSED

13    ORDER BECAUSE WHAT YOU'RE GOING TO DO IS JUST MEMORIALIZE

14    WHAT I JUST SAID SO WE'LL HAVE THE DOCUMENT IN THE FILE IN

15    THE EVENT THAT -- THAT BECOMES NECESSARY DOWN THE ROAD.  I

16    MEAN I DON'T ANTICIPATE THAT YOU ALL ARE GOING TO HAVE ANY

17    PROBLEMS.

18            MR. CASSIDY:  RIGHT.

19            THE COURT:  BUT AT LEAST IT WILL BE IN THE RECORD

20    AS TO THE BASIS UPON WHICH THE COURT RULED IN THE FUTURE.

21    AND THAT -- THAT LEADS ME TO THE SECOND POINT.

22            UM, I HAVE NO OBJECTION TO CONTINUING THE

23    JURISDICTION OF THE COURT TO, FOR THE FEDERAL, FOR THIS

24    ARENA, IN FEDERAL COURT TO PROCEED OVER WHAT MIGHT BE A

25    SETTLEMENT DISPUTE IF THE PARTIES ARE WILLING TO STIPULATE
```

```
 1    TO MAGISTRATE FOR JURISDICTION.

 2              MR. MERIN:  THAT IS FINE.

 3              THE COURT:  BE SURE TO INCORPORATE THAT, YOU NEED

 4    INCORPORATE THAT IN THE ORDER, TOO.

 5              MR. CASSIDY:  THAT'S FINE.

 6              THE COURT:  THE COURT WILL RETAIN JURISDICTION.

 7    THAT THE PARTIES WILL STIPULATE IN THE EVENT THERE ARE

 8    DISPUTES THEY CONSENT TO THE ASSIGNMENT OF THE MATTER FOR A

 9    MAGISTRATE FOR RESOLUTION.

10              MR. CASSIDY:  SO, AS I UNDERSTAND, WE'RE APPROVED

11    TODAY, SUBJECT TO THE FORMAL ORDER TO BE SUBMITTED WITH THE

12    TRANSCRIPT?

13              THE COURT:  YEAH.  WELL, APPROVED TODAY.  AND LET

14    ME JUST MAKE THE FINDINGS.

15              BASED ON MY REVIEW OF PLAINTIFFS' MOTION AND

16    SUPPORTING PAPERS, AND BASED ON THE REASONING I PLACED ON

17    THE RECORD IN TODAY'S HEARING, THE COURT HEREBY MAKES THE

18    FOLLOWING FINDINGS:  WITH RESPECT TO NOTICE, THE COURT

19    HEREBY FINDS AND CONCLUDES THAT PURSUANT TO, AND IN

20    COMPLIANCE WITH, RULE 23 OF THE FEDERAL RULE OF CIVIL

21    PROCEDURE, DUE AND ADEQUATE NOTICE WAS DIRECTED TO ALL

22    PERSONS AND ENTITIES WHO ARE MEMBERS OF CLASS ONE FEDERAL

23    CLAIMS AND CLASS TWO STATE CLAIMS AND WHO CAN BE IDENTIFIED

24    WITH REASONABLE EFFORT.

25              THE COURT FURTHER FINDS THAT THIS NOTICE IS
```

```
 1   ADEQUATELY ADVISED THOSE PERSONS OF THE STIPULATION OF CLASS

 2   ACTION SETTLEMENT AND OF THEIR RIGHT TO OBJECT THERETO.

 3            THE COURT ALSO FINDS THAT A FULL AND FAIR

 4   OPPORTUNITY WAS PROVIDED TO ANY SUCH PERSONS TO BE HEARD

 5   WITH RESPECT TO THE SETTLEMENT AND THAT AT NO TIME THE

 6   OBJECTION TO THE SETTLEMENT WERE FILED.

 7            THE COURT FURTHER FINDS AND CONCLUDES THAT A

 8   STIPULATION OF CLASS ACTION SETTLEMENT IS FAIR, REASONABLE

 9   AND HAD ADEQUATE.  THEREFORE, THE COURT HEREBY GRANTS FINAL

10   APPROVAL OF THE SETTLEMENT.

11            ADDITIONALLY, THE COURT HEREBY AWARDS CLASS

12   COUNSEL MARK E. MERIN AND CASPER, MEADOWS, MARK E. MERIN AND

13   CASPER, MEADOWS, SCHWARTZ & COOK, ATTORNEYS' FEES IN THE

14   AMOUNT OF $600,000.

15            FURTHER, THE COURT HEREBY AWARDS THE CLASS

16   REPRESENTATIVES ROBIN TUCKER THE AMOUNT OF $120,000 AS

17   COMPENSATION FOR SERVICES RENDERED AS CLASS REPRESENTATIVES.

18            THIS IS PROBABLY THE CLASS REPRESENTATIVES.

19            MR. MERIN:  YES, YOUR HONOR, YES, IT'S MS.

20   GALLAGHER, ROBERTA BAUCCIO AND GRACE CARLAND.

21            THE COURT:  THAT'S RIGHT.  AND I'M SORRY.

22            OKAY.  ONE HUNDRED TWENTY THOUSAND DOLLARS IS

23   COMPENSATION FOR SERVICES RENDERED AS CLASS REPRESENTATIVES.

24            ALL RIGHT.  OKAY.

25            MR. MERIN:  EXCUSE ME.
```

```
1              THE COURT:  IT'S SHANNON GALLAGHER, ROBERTA
2    BAUCCIO AND GRACE CARLAND?
3              MR. MERIN:  THAT'S CORRECT, YOUR HONOR.
4              THE COURT:  OKAY.
5              AND, FINALLY, THE COURT APPROVES THE AWARD OF FEES
6    IN THE AMOUNT OF $150,000 TO GILARDI & COMPANY, LLC, FOR
7    SERVICES RENDERED AS A CLAIMS ADMINISTRATOR.
8              OKAY.  AND SO THE PROPOSED ORDER, IF YOU SUBMIT
9    THE PROPOSED ORDER TODAY -- ACTUALLY, TODAY IS THE SIXTH.
10   SO THAT SHOULD BE ENOUGH TIME FOR YOU TO GET THE TRANSCRIPT
11   AND THEN GET IT.  OKAY.  SO IF YOU CAN SUBMIT IT BY THE
12   TWENTY-SEVENTH OF NOVEMBER.
13             MR. CASSIDY:  THAT'S FINE.
14             THE COURT:  THAT WILL BE FINE.  AND, UM, THE ORDER
15   IS EFFECTIVE IMMEDIATELY.
16             MR. CASSIDY:  OKAY.
17             THE COURT:  OKAY.
18             MR. MERIN:  THANK YOU VERY MUCH, YOUR HONOR.
19             MR. SCHWARTZ:  THANK YOU.
20             THE COURT:  THANK YOU.  THANK YOU FOR YOUR WORK.
21             MR. MERIN:  THANK YOU, JUDGE.
22             THE COURT':  UH-HUH.
23      (WHEREUPON AT 1:27 P.M. THE PROCEEDINGS CONCLUDED.)
24                  COURT REPORTER'S CERTIFICATE
25             I, STARR A. WILSON, CSR NO. 2462, UNITED STATES
```

1 DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA, DO HEREBY

2 CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE

3 RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.

4     I CERTIFY THAT THE TRANSCRIPT FEES AND FORMAT

5 COMPLY WITH THOSE PRESCRIBED BY THE COURT AND JUDICIAL

6 CONFERENCE OF THE UNITED STATES.

7

8

9     STARR A. WILSON, CSR NO. 2462

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25